By the Court, Cowen, J.
If the insolvency of the estate could be material to repel the inference that Borst meant to pay the note, it must have been because he knew or had reason to believe the estate insolvent when he gave his note. The naked fact that the estate was insolvent, made nothing towards that inference; to raise which, it is said, was the purpose of the proof. Therefore the offer to introduce it was properly overruled upon the ground of irrelevancy.
The relation of executor, which Borst held to the estate, would, in the absence of proof of a different intention, raise the presumption that he meant to pay the note, not to take it as a purchaser. His proposition to give his own name as executor on the substituted note strengthens the inference. This is not repelled or shaken by what Wells understood him finally to say; while it is placed beyond all doubt by his transferring the *221 note for the purpose of having it brought into account against the estate through Shuler.
That he meant to take the note as a purchaser, is not even stated by himself; but only that he told Wells he meant to hold the endorsers (the defendants) as his secmity. This he could not do if he meant to pay the note, which was clearly shown, even independently of the great delay before the endorsers were called on. This delay, and the attempt to bring the note into account against the estate, operated as a practical application of the substituted note to the payment of the one in dispute, even if the question had stood open on the other proof. Such an appropriation of a note over which Borst had the absolute control ought alone to conclude him.
New trial denied.